IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 14-cv-01790-BNB

LORENA GARCIA, for herself and as personal representative of the Estate of Reyes Garcia,

Plaintiff,

v.

ST. PAUL FIRE & MARINE INSURANCE COMPANY,

Garnishee.
_____

**ORDER**
_____

Pending is the Stipulation for Dismissal of Writs of Garnishment [Doc. # 19, filed 9/22/2014] (the "Motion to Dismiss").

Rule 41, Fed. R. Civ. P. governs the dismissal of actions. It provides that an action may be dismissed without a court order in two ways: (1) by filing a <u>notice</u> of dismissal before the opposing party serves either an answer or a motion for summary judgment, Fed. R. Civ. P. 41(a)(1)(A)(i); or (2) by filing a <u>stipulation</u> of dismissal signed by all parties who have appeared, Fed. R. Civ. P. 41(a)(1)(A)(ii). A notice or stipulation under Rule 41(a)(1)(A) is self-effectuating, effective immediately upon filing, and does not require an order of the court. <u>See</u> <u>Ptasynski v. Kinder Morgan G.P., Inc.</u>, 220 Fed.Appx. 876, 878 (10th Cir. 2007). Rule 41(a)(2), Fed. R. Civ. P., by contrast, provides for the dismissal of a case "only by court order. . . ."

Here, although the document filed is captioned as a "Stipulation," in the body the parties indicate that they are moving for dismissal and request "an Order dismissing" the action. Stipulation [Doc. # 19] at p. 1. Consequently, I will construe the Stipulation as a motion brought

under Rule 41(a)(2), which requires an order of the court.  All parties who have appeared in the action agree that it should be dismissed without prejudice.

　　　　IT IS ORDERED that the Motion to Dismiss [Doc. # 19] is GRANTED, and this action is dismissed without prejudice.

　　　　Dated October 16, 2014.

　　　　　　　　　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　 s/ Boyd N. Boland
　　　　　　　　　　　　　　　　　　United States Magistrate Judge